UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD K. MASER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY M. RING, DAVID M. BARRETT, ROBERT M. DAVIS, HERBERT L. HENKEL, JOHN C. KELLY, DAVID F. MELCHER, GAIL K. NAUGHTON, TOMMY G. THOMPSON, JOHN H. WEILAND, ANTHONY WELTERS, TONY L. WHITE, C. R. BARD, INC., BECTON, DICKINSON AND COMPANY and LAMBDA CORP.,<br><br>Defendants. | Civil Action No. 2:17-cv-4549<br><br>STIPULATION AND [PROPOSED] ORDER OF DISMISSAL |

WHEREAS, plaintiff Richard K. Maser ("Plaintiff"), filed the above-captioned action (the "Action") challenging, among other things, the public information disclosed made in connection with the proposed sale of C. R. Bard, Inc. ("Bard" or the "Company") to Becton, Dickinson and Company ("Parent") and Lambda Corp. ("Merger Sub," together with Parent, "BD") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or about April 23, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by defendants[1] alleged to have been made in the Form S-4 Registration Statement filed with the SEC on or about May 23, 2017 (the "Registration Statement" or "S-4");

---

[1] "Defendants" include Bard, Parent, Merger Sub as well as the board of directors ("Board") of Bard and certain of the Company's executive officers.

1

WHEREAS, on June 30, 2017, Bard filed an amendment to the Registration Statement with the SEC that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Registration Statement (the "Supplemental Disclosures");

WHEREAS, Plaintiff's counsel intends to assert a claim for mootness fees and expenses in connection with the mooted claims (the "Fee Application"), and seek Court intervention if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in this Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

WHEREAS, following discussion with counsel for Parent and Merger Sub, those parties do not oppose entry of the order of dismissal as requested in this Stipulation and [~~Proposed~~] Order;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this 14th day of November, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: November 8, 2017                **LIFSHITZ & MILLER LLP**

*/s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376
Email: jml@jlclasslaw.com

*Attorneys for Plaintiff*

Dated: November 8, 2017

WACHTELL, LIPTON, ROSEN & KATZ

/s/ *William Savitt*
William Savitt
51 West 52nd Street
New York, New York 10019
(212) 403-1329

*Attorneys for the Individual Defendants*

\* \* \*

IT IS SO ORDERED this __14Th__ day of __November__, 2017.

_____
Honorable Kevin McNulty
United States District Judge

4